**UNITED STATES of America,**
Appellee,

v.

**William PARADISE, Defendant-Appellant.**

No. 236, Docket 24510.

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1958.

Decided March 26, 1958.

William J. Cantwell, New York City, for appellant.

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City (Fioravante G. Perrotta, Lynbrook, N. Y., and Mark F. Hughes, Jr., Asst. U. S. Attys., New York City, of counsel), for appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Appellant was convicted on all four counts of an indictment charging: in Counts 1 and 2, wilful "receiving, possessing, concealing and facilitating the transportation and concealment" of 108 grains of heroin, in violation of 21 U.S.C.A. §§ 173, 174, and possession of the same quantity of heroin and not paying the special tax and registering as required by law, in violation of 26 U.S.C. §§ 4724(c) and 7237(a); also in Counts 3 and 4, violation of the same laws with respect to a separate quantity of 417 grains of heroin. All these offenses were alleged to have been committed on October 23, 1956. Upon proof of appellant's prior conviction of having had dealings in narcotics he was sentenced to ten years imprisonment on Counts 1 and 3, and five years imprisonment on Counts 2 and 4, all the sentences to run concurrently.

The facts are simple and may be briefly stated. Having information, apparently obtained from narcotics addicts and perhaps others, that appellant was peddling heroin, agents of the Federal Bureau of Narcotics kept appellant under surveillance. On the afternoon of October 23, 1956, one of the agents working with another agent in the vicinity, having been told that appellant would soon arrive with narcotics on his person, waited near the corner of Riverside Drive and 87th Street, in New York City, and soon thereafter a cab drew up at the curb and appellant emerged. He was immediately placed under arrest and four packages containing 108 grains of heroin were found in his pocket. As he had previously been seen to go and come from an apartment house at 2727 Palisade Avenue in Riverdale, where the agents suspected more narcotics would be found, the agents proceeded to drive there with ap-

pellant. The conversation between appellant and the agents in the automobile was to this effect: he conceded that he had not paid the tax on the heroin found in his pocket and that he had not registered with the Commissioner of Narcotics; but he insisted that his name was Bill Jackson and gave his address as 32 Monroe Street. As the car approached 2727 Palisade Avenue, however, appellant said, "Well, we are here now. You know where I live. My name is Billy Paradise. The stuff is up there."

The agents and appellant went up to the apartment indicated by appellant, he let them in the apartment with his own key, and he promptly led the agents into the bedroom where he opened the door of the closet and said, "I have some in my jacket pocket," and he also indicated that more would be found in the top drawer of the dresser. In these two places 417 additional grains of heroin were found.

The arrest took place on October 23, 1956, a lawyer appeared for appellant on November 5, 1956, he was indicted on November 9, 1956, a superseding indictment, on which he was tried, was filed on December 7, 1956, to which he pleaded not guilty on December 10, 1956. The trial was had on December 20 and 21. No motion to suppress the evidence obtained on October 23, 1956 was made at any time.

Although he was represented at the trial by counsel retained by him and the only adverse ruling at the trial that has been drawn to our attention was the overruling of an objection to receiving in evidence the packages of heroin, the contents of which had already been stipulated, we are now urged to reverse the judgment on the grounds that the arrest and the search of his person and of the apartment were illegal, that neither the heroin nor the evidence of the agents against him should have been received and that in receiving such proofs, even in the absence of objection or motion to suppress, the trial judge committed plain error which we should notice, in accordance with the requirements of Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.

But the colloquy between the trial judge and defense counsel at the outset of the trial indicates that counsel did not think there was enough substance in the illegal search and seizure point to warrant inquiry; and, under all the circumstances, had the trial judge in the exercise of his discretion denied a motion at the trial to suppress the evidence, we would not be warranted on this record in holding this to be an abuse of discretion. Appellant was fully informed of the facts and there was ample time within which to move to suppress the evidence before trial. Had the motion been made there is every indication that overwhelming proof of probable cause and reasonable ground to believe appellant was engaged in the commission of a felony would have been produced by the prosecutor. See United States v. DiRe, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. In any event it is too late to raise the point now. See United States v. Allied Stevedoring Corp., 2 Cir., 241 F.2d 925, certiorari denied 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143; United States v. Chieppa, 2 Cir., 241 F.2d 635, certiorari denied sub nom. Ivicola v. United States, 353 U.S. 973, 77 S.Ct. 1057, 1 L.Ed.2d 1136; United States v. Sansone, 2 Cir., 231 F.2d 887, certiorari denied 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500.

As a matter of fact, the arrest was not illegal, in view of the information in the possession of the agents which led to the arrest, the search of appellant's person was incidental to the arrest, and it is difficult to imagine a clearer case of consent to the search of the apartment than is disclosed by the facts above recited. We find no error in the case and no occasion whatever to apply Rule 52(b).

We very much appreciate the assistance of assigned counsel in his representation of appellant on this appeal.

Affirmed.